**Zettlemoyer v. Kennedy**

Before Eshelman, *P.J.*, and Schaeffer, *J.*

*Robert P. Grim*, for plaintiffs.
*David E. Turner* and *C. S. Underhill*, for defendants.
*William E. Doyle*, for additional defendants.

SCHAEFFER, *J.*, July 21, 1978—This case is before us on the preliminary objections of Norman

Hangen, M.D., additional defendant, to the complaints of defendants Charles Nace and Douglas Kennedy. Dr. Hangen avers that jurisdiction of this matter lies with the administrator for the arbitration panels for health care under the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, sec. 101 et seq., 40 P.S. §1301.101 et seq., and that therefore the Court of Common Pleas of Berks County does not have juridsiction.

• • •

In his answer to the preliminary objections of Dr. Hangen, defendant Douglas Kennedy avers that the act applies only to first party actions brought by a patient against a health care provider. Therefore, defendant claims, even though Dr. Hangen is a health care provider under the act, since the act does not specifically place jurisdiction in an arbitration panel in actions where a health care provider is joined as an additional defendant, jurisdiction is not in an arbitration panel, but in this court. We disagree.

In his brief, defendant Kennedy also points to article 5, §5 of the Pennsylvania Constitution, which in granting jurisdiction to the courts of common pleas states: "There shall be . . . one court of common pleas . . . having unlimited original jurisdiction in all cases except as may otherwise be provided by law." Finally, defendant relies on section 1928 of the Statutory Construction Act of December 6, 1972, P.L. 1339, 1 Pa.C.S.A. §1928, which provides: "All provisions of a statute of the classes hereafter enumerated shall be strictly construed. . . (7) Provisions decreasing the jurisdiction of a court of record." We find that the statute in question, strictly construed, places original jurisdiction in the arbitration panel, not the court.

Section 308 of the act, 40 P.S. §1301.308, directs the establishment of an arbitration panel to hear claims brought under the act, and section 309 of the act, 40 P.S. §1301.309, sets forth the jurisdiction of the arbitration panel as follows:

"The arbitration panel shall have original jurisdiction to hear and decide *any claim brought by a patient or his representative for loss or damages resulting from the furnishing of medical services* which were or should have been provided [emphasis supplied]. The arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider who is made a party defendant with a health care provider."

A "patient" is defined in section 103 of the act, 40 P. S. §1301.103, as ". . . a natural person who receives or should have received health care from a licensed health care provider," and a "health care provider" is defined in section 103 of the act, 40 P.S. §1301.103, as ". . . a primary health center or a person . . . licensed or approved by the Commonwealth to provide health care or professional medical services as a physician, an osteopathic physician or surgeon, a podiatrist. . . "

All the parties to this action agree that plaintiff Christopher M. Zettlemoyer is a "patient" and that Dr. Hangen is a "health care provider" within the act.

Under section 1921 of the Statutory Construction Act of 1972, supra, 1 Pa.C.S.A. §1921:

"(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute

shall be construed, if possible, to give effect to all its provisions.

"(b) When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

"(c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

"(1) The occasion and necessity for the statute.

"(2) The circumstances under which it was enacted.

"(3) The mischief to be remedied.

"(4) The object to be attained.

"(5) The former law, if any, including other statutes upon the same or similar subjects.

"(6) The consequences of a particular interpretation.

"(7) The contemporaneous legislative history.

"(8) Legislative and administrative interpretations of such statute."

Section 102 of the act, supra, 40 P.S. §1301.102, defines the purpose of the act as ". . . to make available professional liability insurance at a reasonable cost, and to establish a system through which a person who has sustained injury or death as a result of tort or breach of contract by a health care provider can obtain a prompt determination and adjudication of his claim and the determination of fair and reasonable compensation."

Section 309 of the act, supra, 40 P.S. §1301.309, is very broad in setting forth the jurisdiction of the arbitration panels, in that the panels have jurisdiction to decide "any claim brought by a patient

. . . for loss or damages resulting from the furnishing of medical services . . ." Furthermore, Pa.R.C.P. 2255(d) provides with regard to additional defendants as follows: "The plaintiff shall recover from an additional defendant found liable to him alone or jointly with the defendant *as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability.*" (Emphasis supplied.)

As pointed out in the commentary to Rule 2255 in 8 Goodrich-Amram 2d §2255(c):2, under the rules no affirmative act need be taken by plaintiff to entitle him to recover from additional defendant, since the effect of the rules is to create a potential claim of plaintiff against additional defendant.

Construing the act after considering its language, its purpose and the effect of joining the health care provider as an additional defendant, we hold that the act does not confine the jurisdiction of the arbitration panel to first party claims brought by a patient directly against a health care provider, as defendants claim.

The purpose of the act, as defined in section 102 would be wholly thwarted if the jurisdiction of the arbitration panels were limited only to first party suits brought by a patient directly against a health care provider.

Therefore, we hold that when the nonhealth care provider joins the health care provider as an additional defendant, the patient's claim becomes one for loss or damage resulting from the furnishing of medical services. Thus, section 309 of the act places original jurisdiction over the claim in the arbitration panel and not this court.

The arbitration panel setup under the Health Care Services Malpractice Act, supra, 40 P.S. §1301.101 et seq., has original jurisdiction to hear the claim brought by plaintiff-patient in the case at bar against both the nonhealth care provider defendant and the health care provider additional defendant, and the court of common pleas no longer has jurisdiction over the action: Staub v. Southwest Butler County School District and Jose Saban, M.D., 6 Butler 214 (1977).

However, no health care provider was a party to this action at the time plaintiff commenced it, and, therefore, the action was properly commenced in the court of common pleas. We have a situation where we originally had jurisdiction but now, because the nonhealth care provider defendants have joined a health care provider as an additional defendant, we can no longer proceed with the case.

Neither the rules of civil procedure nor the rules of practice and procedure issued by the administrator for arbitration panels for health care, 6 Pa. Bulletin 1625 (1976), as amended, provide a procedure to be followed in this situation. If we simply sustain additional defendant's preliminary objections and dismiss the action, plaintiff, who properly commenced his action, could be seriously prejudiced through no fault of his own, and his constitutional right to due process of law denied. Furthermore, if we sustain additional defendant's preliminary objections and dismiss only defendant's complaint against additional defendant, then defendant has no way to join the health care provider in this action against him. Defendant cannot initiate an action before the arbitration panel, as he is not a patient, and he has no way to force plaintiff

to institute such an action against additional defendant.

Therefore, we will not dismiss the action, but will enter an order transferring this case to the administrator, so that he can list it for arbitration before a panel just as though it were originally commenced before him.

Accordingly, we enter the following

## ORDER

And now, July 21, 1978, the preliminary objections of additional defendant, Norman Hangen, M.D., are sustained, and this action is transferred to the Administrator for Arbitration Panels for Health Care with direction that he list the matter for arbitration before a properly constituted arbitration panel just as though the action had been originally commenced before him. The prothonotary shall forward an exemplified copy of all proceedings had, and a certified copy of all docket entries made in this matter, to the said administrator forthwith, together with a certified copy of this order.